UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARMOD LEMANS HINKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1664MLM |
| ) | |
| RIVER FRONT TIMES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is the Motion for Summary Judgment filed by Defendants Chad Garrison and Riverfront Times LLC ("RFT") (jointly, "Defendants"). Doc. 15. Plaintiff Armod Lemans Hinkle ("Plaintiff") has not filed a Response. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 20.

### STANDARD FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment if "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Defendant's motion.

## UNDISPUTED FACTS[1] and DISCUSSION

In his Complaint, Plaintiff alleges that he "suffered loss of his reputation, shame, mortification, and injury to his feelings" and "suffered irreparable injury" as a result of a news report published in the online edition of the *Riverfront Times*, which report was written by Defendant Chad Garrison; that the published article was "libelous on its face"; that the published article "was not privileged"; that the article was "false and fraudulent"; that "any reasonable journalistic body applies due diligence in vetting [] information for accuracy, at least legitimacy"; and that Defendants published the article in question recklessly and with "actual malice." Doc. 1.

---

[1] All facts stated in Defendants' Statement of Undisputed Facts are undisputed, as Plaintiff failed to file a Response. Doc. 17.

2

The *RFT* news report in question, published on September 23, 2009, linked to a news release issued by the Missouri Secretary of State, Robin Carnahan, also issued on September 23, 2009. The *RFT* news report is a near verbatim account of the events set forth in the Secretary of State's news release. In particular, among other things, the *RFT* news report and the Secretary of State's news release both state that the office of the Secretary of State issued a "Cease and Desist Order against a St. Louis pair, Armod L. Hinkle and his mother, Gina M. Hinkle, for selling unregistered investments and spending $178,000 of their investors' money on personal expenses." Doc. 16, Def. Ex. A, Ex. B. In the pending Motion for Summary Judgment, Defendants contend that the article at issue is protected and non-actionable by virtue of the official report privilege. Doc. 15.

Libel is malicious defamation of a person made public, by among other things, printing or writing. Swafford v. Miller, 711 S.W.2d 211, 213 (Mo. Ct. App. 1986). In order to prove a claim for defamation pursuant to Missouri law, a plaintiff must show: "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." Wunsch v. Sun Life Assurance Co. of Canada, 92 S.W.3d 146, 155 (Mo. Ct. App. 2003) (quoting Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. 2000) (en banc)). Even if a statement may be considered defamatory, "[t]he common law provides the defamation defendant with three types of defenses. First, truth may always be asserted as an absolute defense. ... Second, certain statements are absolutely privileged… Third, other statements receive a conditional or qualified privilege." Id. (internal citations omitted). Where the privilege is absolute, "the speaker is immunized 'from liability in a subsequent defamation action even if the [speaker's] statement[][was] made with malice.'" Id. (quoting Murphy v. A.A. Mathews, Div. of CRS Group Eng'rs, Inc., 841 S.W.2d 671, 675 (Mo. 1992) (en banc)).

The Restatement (Second) of Torts § 611 sets forth the official report privilege as follows:

3

The publication of defamatory matters concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported.

The comments to § 611 state, in relevant part:

a.  Character of privilege. The privilege of the publication of reports of defamatory statements covered in this Section is not an absolute privilege. It is, however, somewhat broader in its scope than the conditional privileges covered in §§ 594 to 598A. The basis of this privilege is the interest of the public in having information made available to it as to what occurs in official proceedings ... . The privilege is therefore one of general publication and is not limited to publication to any person or group of persons. For the same reason the privilege exists even though the publisher himself does not believe the defamatory words he reports to be true and even when he knows them to be false. Abuse of the privilege takes place, therefore, when the publisher does not give a fair and accurate report of the proceeding.

b. Relationship of this privilege to the constitutional requirement of fault. The Constitution is now held to require the plaintiff in an action for defamation to show that the defendant, in publishing a false and defamatory communication concerning him, was at fault regarding the injurious character of the statement. ... If the plaintiff is a private person, he must show the existence of fault amounting at least to negligence in regard to the falsity and the defamatory character of the statement. (See § 580B). The privilege stated in this Section permits a person to publish a report of an official action or proceeding ... that deals with a matter of public concern, even though the report contains what he knows to be a false and defamatory statement. The constitutional requirement of fault is met in this situation by a showing of fault in failing to do what is reasonably necessary to insure that the report is accurate and complete or a fair abridgment. ... .

...

d. Official proceedings. The privilege covered in this Section extends to the report of any official proceeding, or any action taken by any officer or agency of the government of ... of any State or of any of its subdivisions. ... The filing of a report by an officer or agency of the government is an action bringing a reporting of the governmental report within the scope of the privilege.

...

f. Accuracy and fairness of report. The rule stated in this Section requires the report to be accurate. It is not necessary that it be exact in every immaterial detail or that it conform to that precision demanded in technical or scientific reporting. It is enough that it conveys to the persons who read it a substantially correct account of the proceedings.

4

Missouri has adopted the rule set forth in § 611 of the Restatement of Torts. See, e.g., Lami v. Pulitzer Pub. Co., 723 S.W.2d 458 (Mo. Ct. App. 1986); Shafer v. Lamar Publishing Company, Inc., 621 S.W.2d 709 (Mo. Ct. App. 1981).  "The question of whether the circumstances give rise to a privilege is one of law for the court." Lami, 723 S.W.2d at 459 (citing Williams v. Pulitzer Broad. Co., 706 S.W.2d 508, 510-11 (Mo. Ct. App.1986)). See also Wunsch, 92 S.W.3d at 155.

It is undisputed that the news report in the *RFT* which is at issue in the matter under consideration was a nearly verbatim repetition of the official government news release issued by the Missouri Secretary of State and that the news report was a substantially true and fair account of the government action taken by the Missouri Secretary of State.  To the extent there were minor differences between the *RFT*'s news report and the Secretary of State's news release, such minor differences do not defeat the privilege set forth in § 611. See Shafer, 621 S.W.2d at 712.  This court finds, therefore, as a matter of law, that the privilege set forth in § 611 of the Restatement of Torts is applicable to the statement in the *RFT* which Plaintiff alleges was libelous. See Wunsch, 92 S.W.3d at 155.  As such, the court finds that summary judgment should be granted in Defendants' favor.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendants is **GRANTED**; Doc. 15

**IT IS FURTHER ORDERED** that a Judgment in favor of Defendants and incorporating this Memorandum Opinion shall issue on this same date.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2012.

Case: 4:11-cv-01664-MLM   Doc. #:  21    Filed: 01/04/12   Page: 6 of 6 PageID #: 85